**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JAMAR JACKSON,

Plaintiff,

v.

RENO POLICE DEPARTMENT,

Defendants.

Case No. 3:26-CV-00010-MMD-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

Before the Court is Plaintiff Jamar Jackson's ("Jackson") application to proceed *in forma pauperis*, (ECF No. 1), and *pro se* complaint (ECF No. 1-1). The Court will first address the *in forma pauperis* application and then screen Jackson's complaint pursuant to 28 U.S.C. § 1915A.

I.      *IN FORMA PAUPERIS* APPLICATION

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

---

[1]     This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Jackson cannot pay the filing fee. Accordingly, the application to proceed IFP, (ECF No. 1), is granted.

## II.    SCREENING STANDARD

Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling

on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

## III.    SCREENING OF COMPLAINT

In his complaint, Jackson sues Defendant Reno Police Department ("RPD") pursuant to 42 U.S.C. § 1983 and for various alleged state law claims. (*See* ECF No. 1-1.) Jackson alleges that on an unknown date, RPD used excessive force and committed an unlawful detainment and false arrest in violation of his rights under the U.S. Constitution and Nevada laws. (*Id.* at 4.) Jackson alleges that "he believes" the officers' actions "fell well below the standards for lawful and reasonable police procedure" and as a result he sustained physical injuries. (*Id.*)  Based on these allegations, Jackson asserts

claims for use of excessive force in violation of his constitutional rights, false arrest, unlawful detainment, negligence, negligent training/supervision, and "violation of Nevada Civil Rights Statutes (NRS 41.690 et. seq.)". (*Id.* at 3.) Jackson is seeking monetary and emotional distress damages "totaling $300,000." (*Id.* at 4.)

### A.        RPD as a Defendant

The only named Defendant in this action is RPD in connection with the alleged excessive force, unlawful detainment, false arrest and various state law claims. The United States Supreme Court held in *Monell v. Department of Social Services of the City of New York* that a municipal entity like RPD can be held liable for the constitutional violations of an officer *only if* the violations occurred because the officer was carrying out a municipal policy or custom. *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690). However, Jackson does not contend that the RPD officer who allegedly illegally arrested him was implementing a policy or custom. Because *Monell* liability attaches only when an officer is executing a municipal policy or custom, Jackson must explain whether he is asserting that his arrest was part of a policy or custom to support claims against RPD.

If Jackson does not intend to assert claims RPD was implementing a policy or custom but is instead trying to allege the wrongful conduct of an individual officer(s) of RPD, then he must state so in his complaint by naming the individual officer(s) as Defendant(s) responsible for the alleged excessive force, unlawful detainment, and other claims he asserts in his complaint. As currently alleged, Jackson does not state a proper claim for *Monell* liability. Accordingly, the Court recommends dismissal of the complaint, without prejudice and with leave to amend.

### B.    Leave to Amend

If Jackson chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was

named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the court. Jackson should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, he must allege true facts sufficient to show that the Defendant violated his rights.

The Court notes that, if Jackson chooses to file an amended complaint curing the deficiencies, as outlined in this order, Jackson should file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation. If Jackson chooses not to file an amended complaint curing the stated deficiencies, the action will be subject to dismissal for failure to state a claim.

**IV.     CONCLUSION**

For the reasons stated above, the Court recommends that Jackson's application to proceed IFP, (ECF No. 1), be granted, the complaint, (ECF No. 1-1), be dismissed, with leave to amend.

The parties are advised:

1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**V.      RECOMMENDATION**

**IT IS THEREFORE RECOMMENDED** that Jackson's application to proceed *in forma pauperis*, (ECF No. 1), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** the complaint, (ECF No. 1-1), but **NOT** issue summons at this time.

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE** and **WITH LEAVE TO AMEND.**

**IT IS FURTHER RECOMMENDED** that if Jackson chooses to file an amended complaint curing the deficiencies of his original complaint, as outlined in this order, Jackson shall file the amended complaint within 30 days from the date of entry of the District Court's order addressing this report and recommendation.

**IT IS FURTHER RECOMMENDED** that if Jackson chooses not to file an amended complaint curing the stated deficiencies of the complaint, the Court recommends dismissal of this action for failure to state a claim.

**DATED**: _January 15, 2026_

_____
**UNITED STATES MAGISTRATE JUDGE**