UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMAR JACKSON,

Plaintiff,

v.

RENO POLICE DEPARTMENT,

Defendants.

Case No.: 3:26-cv-00010-MMD-CLB

ORDER

*Pro se* Plaintiff Jamar Jackson filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and sued Defendant Reno Police Department ("RPD") for excessive force, unlawful detainment, false arrest, negligence, and negligent training and supervision under 42 U.S.C. § 1983 and Nevada law. (ECF No. 1-1 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 6) recommending the Court grant the IFP application (ECF No. 1) and dismiss the Complaint without prejudice and with leave to amend. (ECF No. 6 at 5-6.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin first recommends the Court grant the IFP application (ECF No. 1) because Jackson is unable to make an initial installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 6 at 1-2.) Next, Judge Baldwin recommends dismissal of the Complaint (ECF No. 1-1)

without prejudice and with leave to amend because Jackson cannot state a proper claim against RPD for individual officer conduct. (*Id.* at 4.)

RPD, a municipal entity, "may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights."[1] *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978)). Here, Judge Baldwin is correct in her finding that Jackson can only state a proper claim against RPD for the constitutional violations of an officer if the violations occurred because the officer was carrying out a municipal policy or custom. (*See* ECF No. 6 at 4); *see Long v. Cnty. of L.A.*, 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *Monell*, 436 U.S. at 690). Jackson does not contend that the RPD officer involved in the alleged unlawful arrest was acting under a policy or custom. (*Id.*) As a result, Jackson must plead claims against the individual RPD officer(s) by naming them as defendants and alleging their responsibility for the purported excessive force, unlawful detention, and other claims asserted. (*Id.*) Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 6) is adopted in full.

It is further ordered that Jackson's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1) but not issue summons at this time.

It is further ordered that Jackson's Complaint (ECF No. 1-1) is dismissed without prejudice and with leave to amend.

---

[1]"In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

It is further ordered that, if Jackson chooses to file an amended complaint curing the deficiencies of his original complaint, as outlined in this Order, Jackson must file the amended complaint within 30 days from the date of entry of this Order.

It is further ordered that, if Jackson chooses not to file an amended complaint curing the stated deficiencies of the Complaint, the Court will dismiss this action with prejudice for failure to state a claim.

DATED THIS 3rd Day of February 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE