UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMAR JACKSON, | Case No.: 3:26-cv-00010-MMD-CLB |
| Plaintiff, | ORDER |
| v. | |
| RENO POLICE DEPARTMENT, | |
| Defendants. | |

Pro se Plaintiff Jamar Jackson sued Defendant Reno Police Department ("RPD") for excessive force, unlawful detainment, false arrest, negligence, and negligent training and supervision under 42 U.S.C. § 1983 and Nevada law. (ECF No. 1-1 ("Complaint").) The Court dismissed the Complaint without prejudice and with leave to amend for failure to state a proper claim against RPD, a municipal entity, for individual officer conduct. (ECF No. 7 (the "Order").) The Court directed Jackson to amend his original complaint by naming and pleading specific claims against individual RPD officer(s)—as opposed to the Department, itself.[1] Jackson has failed to file an amended complaint, and the 30-day deadline has since passed. Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 9) recommending the Court dismiss the action with prejudice based on Jackson's failure to file an amended complaint in compliance with the Court's prior Order. (ECF No. 9 at 3.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court will adopt the R&R in full.

---

[1]As the Court noted in its prior Order: "RPD, a municipal entity, 'may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights.' *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell v. Dept. of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694 (1978))." (ECF No. 7 at 2.)

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). As Judge Baldwin correctly notes, the Court warned Jackson that this action would be dismissed with prejudice for failure to state a claim if he failed to cure the identified deficiencies. (ECF No. 7 at 3.) Although Jackson filed another complaint (ECF No. 8) in response to the Order, upon review, the Court finds it to be an exact copy of the original Complaint with no substantive changes made. Because Jackson failed to comply with the Court's directive, and the deadline to amend has now expired, dismissal is appropriate. Having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 9) is accepted and adopted in full.

It is further ordered that Jackson's action is dismissed with prejudice.

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 21st Day of May 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE